IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED
FEB 26 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Susan Lloyd

    Plaintiff

V

City of Streetsboro, Et al

    Defendants

Case No 5:18-CV-00073

Judge John R Adams

Oral Argument Requested

PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANTS CITY OF STREETSBORO FIRE DEPARTMENT AND CITY OF STREETSBORO POLICE DEPARTMENT

Plaintiff, Susan Lloyd, thereby opposes Defendants City of Streetsboro Fire Department and City of Streetsboro Police Department Motion to Dismiss. Defendants are not entitled to judgment as a matter of law. Additionally, defendants are not immune from suit under the claims brought against them. A memorandum of law follows and is incorporated herein. Instead of Plaintiff repeating her entire complaint, she incorporates it herein also.

        Respectfully submitted,

        Susan Lloyd, Plaintiff  *[signature]*

        9275 Dorothy Drive Streetsboro, OH 44241

# TABLE OF CONTENTS

TABLE OF AUTHORITIES   1

SUMMARY OF BRIEF   1

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS   1

I. INTRODUCTION   1

II. FACTUAL BACKGROUND   1

III. LEGAL ARGUMENTS

    A. DEFENDANTS ARE NOT PRIVILEDGED TO DETAILED FACTUAL ALLEGATIONS   2

    B. PLAINTIFF HAS SUFFICIENTLY PLED HER FIRST, FIFTH, EIGTH, NINTH, FOURTEENTH AND OTHER AMENDMENT VIOLATIONS UNDER 42 USC 1983 AGAINST DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES   2

    C. PLAINTIFF HAS SUFFICIENTLY PLED HER ADA TITLE II and TITLE III ADA 42 USC 12101 SECTION 504 of Rehab Act of 1973 as amended 29 USC 794 CLAIMS   3

    D. PLAINTIFF HAS SUFFICICIENTLY PLED HER 42 USC 1985 CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES   3

    E. DEFENDANTS ARE NOT IMMUNE   3

    F. VENUE IS PROPER   5

    G. PRO SE LITIGANTS HAVE MORE LENIENCY   5

IV. CONCLUSION   5

TABLE OF AUTHORITIES

Antoon vs Cleveland Clinic Foundation, 8th DISTRICT, Cuyahoga No 101373, 2015-Ohio 421

Ashcroft vs Iqbal 556 US 662 (2009)

Bell Atlantic Corp vs Twombly (55) us 544(2007)

Bonner vs circuit court of st Louis, 526 F 22 1331, 1334 (8th circ 1975) quoting Bramlet vs Wilson 495, F28, 714,716, 8th circ 1974

B Platsky vs CIA 952, F20, 25,26,28(2nd circ 1991)

Butt vs United Brotherhood of Carpenters and Joiners of America No 09-485, 2010, WL 2080034( Ed PA May 19 2010)

Conley vs Gibson 355, us 41(1957)

Craighead vs EF Hutton and Co 899 F 2d 485, 489 (6th circ 1990) citing Hishon vs King and Spalding 467 U.S. 69,73( 1984)

Eastman vs Marine Mechanical Corp 438, F3d 544, 551(6th circ 2006)

Forman vs Davis 371, US 178, 182(1962)

Indian Towing co vs United States 350 U.S. 61, 64(1955)

Jenkins vs McKeithon 395, US 411,421 (1959)

Kentucky vs Graham 473 us 159, 165-66, 105 s ct 3099, 3105, 87L Ed 2d 114(1985)

Langford vs city of Atlantic city 235 F 3d 845,847 (3rd circ 2000) quoting Nami vs Faurer 82 F3d, 63,65 (3d circ 1996)

McZal vs Sprint Nextel Corp case No 06-15-48, Fed circ Sept 14 2007

Muniz et al vs Border Patrol (ND Ohio 3:09-CV 2865)

North Carolina vs McGuirt 114, Fed App 555,567 (4th circ 2004)

Olson vs United States 596, US 43(2005)

Owen vs city of independence 445, us 622, 100 s ct 1398, 63L, Ed 2d 673(1980)

Pp 436 U.S. 690-691

Pp 436 U.S. 699-700

Pp 436 U.S. 700-701

Scheuer vs Rhodes 416 U.S. 232, 416 U.S. 248, p436 U.S. 701

Tanney at 1046

Twombly 550 U.S. at 555

Weidman vs Dock 2017 U.S. District LEX IS 35417 (ND Ohio Jan 10 2017)

473 us at 166, 105 s ct at 3105

FEDERAL STATUES

FRCP 8(a)(2)

FRCP 8(f)

FRCP 12(b)(6)

42USC 1983

ADA TITLE II and III and 42 USC 12101 sect 504 of Rehab Act

OHIO STATUES

2744.03(A)(6)

ORC 9.86

SUMMARY OF BRIEF

Defendants City of Streetsboro Police Department and City of Streetsboro Fire Department seek dismissal of Plaintiff Susan Lloyds complaint pursuant to Rule 12(b)(6). Plaintiffs complaint sufficiently describes the factual allegations that support each cause of action and her complaint complies with the Federal Rules of Civil Procedure. As pleaded in her complaint, Plaintiffs causes of actions flow from a fairly simple set of facts. As described more thoroughly in her complaint, these set of facts supports Lloyds claims for violation of her civil rights under 42 USC 1983, 42USC 1985 and Americans with Disabilities Act Title II and Title III, ADA 42 USC 12101 section 504 of the Rehabilitation Act of 1973 as amended 29 USC 794   Accordingly, Plaintiffs claims should not be dismissed as her complaint provides the notice required by Federal Rules of Civil Procedure 8. Alternatively, should this court conclude that Lloyds factual allegations are deficient, Lloyd seeks leave to amend her complaint and plead additional factual allegations consistent with the Courts order.

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

INTRODUCTION

PLAINTIFF FILES THIS BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS.

II. FACTUAL BACKGROUND

Plaintiff filed this action on January 10, 2018 for allegations involving violations of her civil rights by Defendants. These civil rights violations have been ongoing since January 26, 2016. Plaintiff has tried to

get this situation resolved by sending certified letters and attempting to resolve this situation in person multiple times. All efforts have failed. Plaintiff had no choice but to resort to the filing of this lawsuit.

III. LEGAL ARGUMENTS

A. DEFENDANTS ARE NOT PRIVILEGED TO DETAILED FACTUAL ALLEGATIONS

A complaint attacked by a Rule 12(b)(6) MOTION to dismiss does not need detailed factual allegations. Twombly 550 U.S. at 555. Indeed, Federal Rules of Civil Procedures 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and grounds upon which it rests. All that is required of this short plain statement is that the factual allegations must be enough to raise a right to relief above the speculative level. For the reasons discussed below, the Defendants Motion to dismiss is fatally flawed because it ignores all of the factual allegations on the complaint. When Plaintiffs complaint is read as a whole, it is clear her complaint is more than sufficient to satisfy the Federal Rules of Civil Procedure. Plaintiff has gone well above and beyond what FRCP 8(a)(2) requires and has put many specific details in her Complaint. Plaintiffs complaint is 48 pages long.

B. PLAINTIFF HAS SUFFICIENTLY PLED HER FIRST, FIFTH, EIGTH, NINTH, FOURTEENTH AND OTHER AMENDMENT VIOLATIONS UNDER 42 USC 1983 AGAINST DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES

1.Defendants ignore Lloyds numerous factual allegations when arguing their motion to dismiss. LLOYD cited multiple facts which support her claims and to put defendants on notice of alleged facts for her claim.

2. By looking at the Complaint it is obvious that Lloyd has sufficiently pled her 42USC1983 claims. Defendants have shown a repeated pattern of abuse towards Lloyd and violation of her civil rights.

When evaluating a complaint on light of a Motion to dismiss, the court must accept all of the Plaintiffs allegations as true and resolve every doubt in the Plaintiffs favor. Craigshead vs EF Hutton and Co 899 F2d 485, 489(6th circ 1990) citing Hishon vs King and Spalding 467 us 69,73(1984). The allegations of the complaint must be taken as true and those allegations and any reasonable inferences drawn from them must be construed in the non moving party's favor. Antoon vs cleveland clinic foundation, 8th DISTRICT, Cuyahoga No 101373, 2015-Ohio-421

FRCP 8F states All pleadings shall be construed to do substantial justice.

Moreover, the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. Bonner vs circuit court of st Louis, 526 F 2d, 1331,1334( 8th circ 1975) quoting Bramlet vs Wilson 495, F28,714,716, 8th circ 1974. If there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss the case. In assessing a Motion to dismiss in terms of a complaint that alleges the deprivation of constitutional rights, a court should not inquire whether the Plaintiff will ultimately prevail, only whether they are entitled to offer evidence to support their claims. Langford vs city of Atlantic city 235F,

3d 845, 847(3rd circ 2000) quoting Nami vs Faurer 82 F3d,63,65(3d circ 1996). Thus if a complaint alleges sufficient facts given rise to a plausible claim for the deprivation of constitutional rights, the MOTION must be denied and Plaintiffs must be given the opportunity to offer evidence in support of their claims. In Conley vs Gibson 355, us 41(1957) the Supreme court stated the interplay between rule 8 (pleading) and rule 12(b)(6) as follows: the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. 355 us at 45-46 in bell Atlantic Corp vs Twombly (55) us 544(2007) The court noted questions raised regarding the no set of facts test and clarified that once a claim has been adequately stated, it may be supported by showing any set of facts consistent with allegations in the complaint. Id at 563

C. PLAINTIFF HAS SUFFICIENTLY PLED HER ADA TITLE II and TITLE III ADA 42 USC 12101 SECTION 504 of Rehab Act of 1973 as amended 29 USC 794 CLAIMS

1.Defendants ignore Lloyds numerous factual allegations when arguing their motion to dismiss. LLOYD cited multiple facts which support her claims and put defendants on notice of alleged facts for her claim.

2. It is clear that Lloyd has alleged that the Defendants have engaged in a history or pattern of constitutional violations since January 26 2016.

D. PLAINTIFF HAS SUFFICICIENTLY PLED HER 42 USC 1985 CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES

1.Defendants ignore Lloyds numerous factual allegations when arguing their motion to dismiss. LLOYD cited multiple facts which support her claims and put defendants on notice of alleged facts for her claim.

2. It is clear that Lloyd has alleged that the Defendants have engaged in a history or pattern of constitutional violations since January 26 2016.

E. DEFENDANTS ARE NOT IMMUNE

1.Defendants ignore Lloyds numerous factual allegations when arguing their motion to dismiss. LLOYD cited multiple facts which support her claims and put defendants on notice of alleged facts for her claim.

2. It is clear that Lloyd has alleged that defendants have engaged in a history or pattern of constitutional violations since January 26, 2016.

3. Plaintiff accuses all defendants of acting maliciously, in bad faith and in wanton and reckless manner in Plaintiffs complaint

4.. The defendants acts or omissions were manifestly outside the scope of the employees employment or official responsibilities. The employees acts or omissions were with malicious purpose, in bad faith or in wanton and reckless manner. Civil liability is expressly imposed upon the employees by a section of the revised code.

5. Lloyd has clearly alleged facts sufficient to support a claim of deprivation of her rights under the Constitution or Laws of the United States in all counts.

Defendants are not entitled to immunity under ORC 2744.03(A)(6), the Supreme court of the us has held since 1955 that the FTCA reference to the govt being liable in tort if under circumstances where the us if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred does not allow state governmental immunity provisions as defenses. 28 USCA 1346(b)(1) see Indian Towing co vs united states 350 us 61, 64(1955) and Olson vs United States 546, us 43(2005). Alternatively, even if Defendants fit within ORC 2744.03(A)(6) immunity, the Defendants have acted with malicious purpose, in bad faith and in a wanton manner or with a recklessness towards Plaintiff and this negates any immunity under Ohio Law. Muniz et al vs US Border Patrol ( ND Ohio 3:09-cv-2865) of intentional discrimination and violation of Civil rights.

2744.03 states Immunity to employees and officials as political subdivision unless the employees acts or omissions were manifestly outside the scope of the employees employment or official responsibilities. The employees acts or omissions were with malicious purpose, in bad faith or in a wanton and reckless manner or 3. Civil liability is expressly imposed upon by the employee by another section of the Ohio Revised code. Weidman vs Dock.2017 US district LEX IS 35417( ND Ohio Jan 10,2017). Therefore, no defendant is entitled to statutory immunity in both their official or individual capacities. As per ORC 9.86, clearly states an officer or employee is liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties. When those actions were outside the scope of his employment or official responsibilities and when they act with malicious purpose, in bad faith and in wanton and reckless manner. All of which occurred in these matters. Local officials sued in their official capacities can therefore be directly sued under 1983 for monetary, declaratory and injunctive relief in this situation where the action is alleged to be unconstitutional, implements a policy statement, ordinance regulation or decision officially adopts or promulgates by those whose edicts or acts may fairly be said to represent official policy. In addition local govt like every other 1983 person may be used for constitutional deprivation visited pursuant to govt custom even things such custom has not received formal approval through the govt official decision making channels. Pp 436 U.S. 690-691. In addition affairs cannot be arranged on an assumption that they can violate constitutional rights for an Indefinite period, municipalities have no reliance interest that would support an absolute immunity. Pp 436 U.S. 699-700. Defendants have shown a repeat pattern of violating Lloyds constitutional rights. Congress clearly intended 1983 to apply to such offices and all agree that such offices could constitutionally be subjected to liability under 1983. The act also unquestionably was intended to provide a remedy to be broadly construed against all forms of official violations of federally protected rights. There is no justification for excluding municipalities from the person covered by 1983. Pp 436 U.S. 700-701. Local govt sued under 1983 cannot be entitled to an absolute immunity lest today's decision be drained of meaning. Scheuer v Rhodes 416, U.S. 232 416 U.S. 248, p436US 701. A suit against an individual in his official capacity has been held to be essentially a suit directly against the local govt unit and can result in that units liability to respond to the injured party for his injuries. Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the govt entity received notice and an opportunity to respond, an official

capacity suit is in all respects other than. None to be treated as a suit against the entity. Kentucky vs Graham 473 U.S. 159, 165- 66, 105 S CT 3099, 3105, 87 L ed 2d 114, (1985). In such suits the govt entity is not entitled to assert the immunity defense available to individual actors sued in their individual capacities Owen vs city of independence, 445, us 622, 100 s ct 1398, 63 l ed 2d, 673, (1980). To show personal liability in a 1983 action it is enough to show that the official acting under color of state law caused the deprivation of a federal right. 473, us at 166, 105 s ct at 3105. Under 42 usc 1983 every person who under color of any statue, ordinance, regulation, custom or usage of any state subjects or causes to be subjected any person to the deprivation of any federally protected rights, privilege or immunities shall be civilly liable to the injured party.

F.. VENUE IS PROPER

1. The court has personal jurisdiction over Defendants and venue is proper in this court under 28 USC 1391 because the events giving rise to Plaintiffs claims took place within the Jurisdiction of the US District Court for the Northern District of Ohio.

2. This case involves federal questions which must be answered.

3. This case involves claims under 42USC1983, 42USC1985, and Americans with DIsabilities Act Title II and Title III, AD A 42 USC 12101 Section 504 of Rehab Act of 1973 amended 29 USC 794.   These are all federal matters.

The court must determine its subject matter jurisdiction by examining the complaint as it existed at the time. Eastman vs Marine Mechanical Corp 438, F3d, 544, 551(6th circ 2006)

G. PRO SE LITIGANTS HAVE MORE LENIENCY

1. Even though Plaintiff feels she has Plead enough facts to give the Defendants more than sufficient notice of Plaintiffs claims, there are multiple cases in the literature where Plaintiff has more leniency. Plaintiff also feels she has pled her case with accuracy and have demonstrated her reasons behind her federal claims.

A court errs if it dismisses a pro service litigant without instructions on how pleadings are deficient and how to repair pleadings. BElatedly vs CIA 953F20,25, 26,28(2nd circ 1991). A lesser standard is applied to pro se litigants. Mczal vs Sprint Nextel Corp Case No 06-15-48, Fed circ Sept 14, 2007. Pro se pleadings are to be considered without regard to technicality, pro se litigant pleadings are not to be held to the same high standard of perfection as lawyers. Jenkins vs mckeithon 395, US 411, 421(1956)

CONCLUSIONS

Plaintiff has tried multiple times to work things out with Defendants via certified mail and in person but instead Defendants have continued to violate Plaintiffs civil rights and to discriminate against her. In Ashcroft vs Iqbal 556 U.S. 662(2009) the court further elaborated on the test, including this statement: to survive a Motion to dismiss, a complaint must contain sufficient FACTUAL matter accepted as true to state a claim to relief that is plausible on its face. Id at 1949 where a complaint is inadequate, leave to

amend is common. See Butt vs United Brotherhood of Carpenters and Joiners of America No 09-4285, 2010, WL 2080034 (ed PA May 19 2010). Dismissal with prejudice is an extreme sanction that must be examined carefully (North Carolina vs McGuirt 114, Fed App 555,567 (4th circ 2004)

For all of the above reasons, Lloyd respectfully requests that this court deny the Defendants Motion to dismiss pursuant to FRCP 12(b)(6). If this court concludes that additional factual pleading is required and Lloyd does not meet the requirements of FRCP 8, Lloyd respectfully requests leave to amend. Generally, leave to amend shall as the rules require, be freely given. Forman vs Davis 371, US 178, 182(1962)

Respectfully submitted,

Susan Lloyd

9275 Dorothy Drive Streetsboro, OH 44241

CERTIFICATE OF SERVICE

This MOTION was sent via email to Kimberly Vanover Riley at kriley@mrjlaw.com and Anthony McNamara at amcnamara@mrjlaw.com, attorneys for the Defendants on February 26, 2018. It was also sent to Paul Janis at pjanis@cityofstreetsboro.com and John Latchney at jlatchney@omdplaw.com who represent the rest of the Defendants.

Susan Lloyd