**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN LLYOD, | ) | CASE NO. 5:18 CV 0073 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF STREETSBORO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Susan Lloyd filed this action against the City of Streetsboro, the Streetsboro Mayor, a Streetsboro City Councilman, four employees of the City of Streetsboro, the Streetsboro Fire Department, the Fire Chief, three employees of the Fire Department, the Streetsboro Police Department, the Police Chief, ten officers or employees of the Police Department, the Portage County Prosecutor's Office, the Portage County Prosecutor and an Assistant Portage County Prosecutor. In the Complaint, Plaintiff contends the Defendants did not side with her in her on-going dispute with her neighbor and failed to arrest him or bring charges against him. She seeks monetary damages.

**I.      Background**

Plaintiff's lengthy Complaint details her two-year feud with her neighbor, Mr. Thornsbery, who is not a Defendant in this action. She contends that when she moved into her house in 2016, Thornsbery allowed his dogs to trespass on her property and defecate on her lawn. She called the dog warden and reported Thornsbery for not having proper dog licenses and

allowing his dogs roam off leash. Thornsbery and his social media friends posted derogatory statements about Plaintiff on his social media pages. Although Plaintiff contends she feels harassed by these comments, she still continues to follow Thornsbery on his social media accounts. Plaintiff alleges Thornsbery hired a tree removal service that cut down two trees on her side of the property line. She states Thornsbery burns fires in a fire pit on his property using brush and other materials, and starts them with accelerates. She indicates Thornsbery and his friends smoke cigarettes on his property. She posted no smoking signs which Thornsbery removed and continues to ignore. She built a fence along the property line and installed a security camera facing into his yard, which she uses to monitor and record all of Thornsbery's outdoor activities. She states Thornsbery and his friends throw debris over the fence and into her yard. She has repeatedly called the Streetsboro Police, Fire Department, and the Portage County Prosecutors office to report Thornsbery's actions and provide them with footage from the security camera. She indicates they refused to bring charges against Thornsbery. Plaintiff asserts her First, Fifth, Eighth, Ninth and Fourteenth Amendment rights were violated. She also asserts claims under Title II and Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1985.

The Police and Fire Department Defendants filed a Motion to Dismiss (ECF No. 13). They contend they are not *sui juris*, meaning they have no legal existence separate and apart from the City of Streetsboro. As the City is already named as a Defendant, they assert their inclusion in this action is redundant.

The Portage County Prosecutor Defendants also filed a Motion to Dismiss (ECF No. 14). They claim the prosecutor's office is not *sui juris*, that Plaintiff failed to state a claim for relief

-2-

under 42 U.S.C. §§ 1983 or 1985, and that the prosecutors are absolutely immune from damages for decisions they made with regard to initiating a criminal prosecution.

For the reasons stated below, the Motions to Dismiss are granted. The Court further finds that there are no plausible federal law claims. This is a dispute between neighbors over which this Federal Court lacks subject matter jurisdiction.

## II.     Standard of Review

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (same). When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the

Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*. For this analysis, a Court may look beyond the allegations contained in the Complaint to exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED.R.CIV.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Furthermore, pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the District Court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

**III.     Analysis**

As an initial matter, the Motion to Dismiss filed by the Streetsboro Police and Fire Departments (ECF No. 13) is granted. Police and Fire Departments are not legal entities separate and apart from the City itself and are therefore incapable of suing or being sued for

-4-

purposes of §1983. *Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007); *Brett v. Wallace*, 107 F.Supp.2d 949 (S.D. Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983."). The claims against these Defendants are essentially claims against the City. The City of Streetsboro is also named as a Defendant so the claims against the Police and Fire Department are redundant.

The Portage County Prosecutor's Office is also not a proper Defendant. It too is not a legal entity separate and apart from Portage County, and cannot sue or be sued in a civil rights action. These claims are construed against Portage County. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy of Portage County which may have resulted in the deprivation of a federally protected right of the Plaintiff.

The individual prosecutors named as Defendants - Victor Vigluicci and Thomas Buchanan - are absolutely immune from suits for damages. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Plaintiff contends they refused to bring criminal charges against Thornsbery. This is precisely the type of behavior for which immunity is granted. The Motion to Dismiss filed by the Portage County Prosecutor's Office, Victor Vigluicci, and Thomas Buchanan (ECF No. 14) is also granted.

Plaintiff's remaining claims are so devoid of merit that they fail to establish a basis for Federal Court jurisdiction. The heart of Plaintiff's Complaint is her contention that the Defendants did not side with her in this dispute, and initiate criminal charges against Thornsbery. Even if Thornsbery's conduct violated a local ordinance, which this Court is not in a position to decide, Defendants' refusal to prosecute him in the manner Plaintiff envisions does not violate her constitutional rights. The benefit that Plaintiff may receive from having Thornsbery arrested for a crime, does not trigger protections under the Due Process Clause, neither in its procedural nor in its substantive manifestations. *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006). Neither the Fifth Amendment nor the Fourteenth Amendment were meant to cover situations clearly within the parameters of state tort law. *Parratt v. Taylor*, 451 U.S. 527, 544 (1981); *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006).

In addition, Plaintiff cites to the Eighth and Ninth Amendment which are not relevant in this case. The Eighth Amendment applies specifically to post-conviction inmates incarcerated in prison and is wholly inapplicable in this situation. *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). The Ninth Amendment simply states that the enumeration of certain rights

in the Constitution, shall not be construed to deny others retained by the people. It does not provide substantive rights to Plaintiff to bring her relief in this situation.

Plaintiff's First Amendment claim is different in that it is based on her inability to repost comments from Thornsbery's Facebook page to the Facebook page of the City of Streetsboro to show what he and his friends are doing. Her comments were removed and she was blocked from the further postings. Plaintiff does not allege which Defendant, if any, was responsible for maintaining the City Facebook site. Furthermore, a government entity may police the boundaries of its own forum and limit its content to discussions of certain subjects without violating the First Amendment. *Davidson v. Plowman*, 247 F. Supp. 767, 776 (E.D. Va. 2017).

Plaintiff also attempts to invoke federal court jurisdiction by citing the Americans with Disabilities Act and the Rehabilitation Act. The ADA forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs, and activities, which are the subject of Title II; and (3) public accommodations, which are covered by Title III. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Plaintiff focuses on Title II and Title III of the ADA.

Title II prohibits a public entity from discriminating against disabled individuals by excluding them from participation in or denying them the benefits of the services, programs, or activities of the public entity by reason of their disability. 42 U.S.C. § 12132. The requirements for stating a claim under the RA are substantially similar to those under the ADA, but the RA specifically applies to programs or activities receiving federal financial assistance. 29 U.S.C. § 794(b)(1). Neither the ADA nor the RA permits public employees or supervisors to be sued in their individual capacities. *Williams v. McLemore*, 247 Fed.Appx. 1, 8 (6th Cir. 2007) ("We have

held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 Fed.Appx. 490, 493 (6th Cir. 2004) ("[N]either the ADA nor the RA impose[s] liability upon individuals."); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (ED. Mich. 2005) ("[N]either the ADA nor the RA allows suits against government officials in their individual capacity."). Consequently, Plaintiff's individual-capacity claims must be dismissed. Moreover, Plaintiff does not allege she has been excluded from a City program or denied program benefits on the basis of a disability. Title II does not appear to be applicable to this situation.

Title III applies only to private entities operating public accommodations and services. It expressly does not apply to public entities such as cities, counties, and states or to the departments and agencies thereof. *See* 42 U.S.C. §§ 12131(1), 12181(6). None of the Defendants is a private entity, and therefore Title III is not relevant here.

Finally, Plaintiff cites to 42 U.S.C. § 1985 as a source for federal court jurisdiction. To establish a violation of § 1985, Plaintiff must allege the Defendants conspired together for the purpose of depriving her of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). To succeed on this claim, Plaintiff must allege both that the alleged conspiracy was motivated by discriminatory animus against an identifiable protected class such as race or gender, and that the discrimination against the identifiable class was harmful. *Id.*; *Farber v. City of Patterson,* 440 F.3d 131, 135 (3d Cir. 2006). Plaintiff does not allege facts suggesting she can meet any of the elements of this cause of action. She does not allege any facts suggesting there was a conspiracy, identifying her

membership in a protected class, or suggesting the conspiracy was prompted by a desire to discriminate against that protected class. Federal Court jurisdiction cannot be based on 42 U.S.C. §1985.

As stated above, this case is at its heart a dispute between neighbors. It is matter for the state courts to resolve. Indeed, Plaintiff filed a lawsuit against Thornsbery and his Facebook friends in the Portage County Court of Common Pleas. *See Lloyd v. Thornsbery*, No. 2016 CV 00230 (Portage Cty Ct. Comm. Pl. filed Mar. 16, 2016). That lawsuit is still pending. This Court lacks subject matter jurisdiction over this matter.

## IV.     Conclusion

Accordingly, Defendants' Motions to Dismiss (ECF Nos. 13 and 14) are granted. Furthermore, this action is dismissed for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: 5/14/18                                   */s/ John R. Adams*
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.