# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN LLOYD, | ) | Case No. 5:18 CV 73 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CITY OF STREETSBORO, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

Now before the Court are pro se Plaintiff Susan Lloyd's Motions to Reconsider (Docs. #22, 27, 28 and 29) the Court's May 14, 2018 Order (Docs. #20 and 21) granting Defendants' Motions to Dismiss for lack of subject matter jurisdiction, as well as her Motion to Dismiss defendants (Doc. #26) and Motion to transfer/recuse judicial officer (Doc. #29). Defendants have responded in opposition (Doc. #24) to the initial motion and urge the Court to evaluate it as a motion to amend judgment pursuant to Fed. R. Civ. Pro. 59(e) and deny it under that rule. No response to the additional motions appears in the record.

This Court is enjoined to consider a pro se litigants pleadings more liberally than pleadings drafted by lawyers. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). The Court notes that the United States Sixth Circuit Court of Appeals has ruled that a pro se motion to reconsider may be properly evaluated under either Rule 59 (e) as a motion to amend judgment or under Rule 60(b) as a motion for relief from judgment. *See Smith v. Hudson*, 600 F.2d 60, 62–63 (6th Cir. 1979) (evaluating a motion to reconsider under Rule 59 (e) and *Williams*, 981

F.2d at 903 (evaluating a request to reconsider judgment under Rule 60(b)). Thus, in an abundance of caution, the Court will construe the present motion liberally, in Plaintiff Lloyd's favor, as either a Rule 59(e) motion to alter the May 14, 2018 ruling or a Rule 60(b) request for relief from that ruling.

A court may grant a motion pursuant to Rule 59(e) and amend or alter judgment (1) to correct a clear error of law; (2) to address newly discovered evidence; (3) to address an interviewing change in controlling law; or (4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration but by "appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment or order where the party shows:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)  fraud ... misrepresentation, or misconduct by an opposing party;
(4)  the judgment is void;
(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)  any other reason that justifies relief.

2

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (internal citations and quotations omitted).

Plaintiff Lloyd fails to raise any valid basis to amend or vacate the Court's judgment under Rule 59(e) or Rule 60(b) in her first, second, and fourth motions to reconsider. Plaintiff's first, second, and fourth motions to reconsider provide additional detail but in substance restate the allegations made in her complaint and her extreme dissatisfaction with the alleged inaction of Streetsboro law enforcement and actions taken by this Court. Plaintiff's fourth motion includes additional material concerning the Court that is not relevant to her suit. None of the material presented remedies, alters, or explains the deficiencies in her Complaint that led to dismissal.

Plaintiff's third motion to dismiss cites a 2016 consent decree entered by the parties to a suit in the District Court for the Southern District of Indiana, *Quick v. City of Beech Grove*, 1:16cv1709 (S.D. Ind. Aug. 5, 2016) which she argues stands for the proposition that a city has no right to delete a citizen's face book comments. Plaintiff is mistaken, the consent decree represents the consensus of the parties, not a finding by the court, and, as an agreement between two parties wholly unrelated to this suit, is inapposite and has no precedential value. As the Court explained, with reference to *Davidson v. Plowman*, 247 F. Supp.3d 767, 776 (E.D. Va. 2017), a simple allegation that a municipal entity deleted a statement from a Facebook page, does not, without more, state a cause of action under the First Amendment of the United States Constitution. Nothing presented by Plaintiff in her third motion to reconsider offers a legal basis

to alter the Court's May 14, 2018 ruling pursuant to either Rule 59(e) or Rule 60(b). In the absence of a legal basis to amend or grant relief from judgment and for the foregoing reasons, the Court DENIES Plaintiff's Motions to Reconsider (Docs. #22, 27, 28, and 29) the Opinion and Order dismissing this case. (Docs. #20 and 21.)

Plaintiff's motion to dismiss the John and Jane Doe defendants to allow her to appeal (Doc. #26), is DENIED AS MOOT. Plaintiff's Motion to Transfer (also Doc. # 29) is DENIED.

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: June 14, 2018